UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KEITH B. WIGFALL,<br><br>    Petitioner,<br><br>v.<br><br>CAROL HOLINKA, Warden,<br><br>    Respondent. | Civil File No. 07-3648 (RHK/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this matter be transferred to the United States District Court for the Western District of Michigan.

**I.    BACKGROUND**

Petitioner is an inmate at the Federal Correctional Institution at Waseca, Minnesota, ("FCI-Waseca"). He is serving a 100-month federal prison sentence that was imposed in September 2005, after he was found guilty of being a felon in possession of a firearm. (Petition, [Docket No. 1], p. 7, ¶ 20.)

Petitioner is not currently seeking to be released from FCI-Waseca, nor is he challenging the validity of the federal prison sentence that he is presently serving. Instead, Petitioner is challenging a warrant and detainer issued against him by the Michigan Department of Corrections, ("DOC"). (Id., ¶ 21.) The warrant is described as a "parole violation warrant," and it apparently was issued because Petitioner is being charged with violating the terms of his parole resulting from an earlier Michigan state criminal case. (The alleged parole violation presumably is related to Petitioner's federal criminal conviction for

illegal possession of a firearm.)

In November 2005, Petitioner learned that the Michigan DOC had asked the federal Bureau of Prisons, ("BOP"), to treat the parole violator warrant as a detainer. (Id.) Based on that request, "[t]he BOP lodged a detainer against the Petitioner in favor of the state of Michigan." (Id.) Petitioner claims that the detainer is adversely affecting his eligibility for certain benefits that might otherwise be available to him as a BOP prisoner, including "BOP camp consideration," and participation in "community corrections." (Id.)

Petitioner contends that the Michigan DOC's parole violator warrant is invalid, because it was issued without affording him the procedural protections required by the Due Process Clause of the Fourteenth Amendment to the Constitution. Petitioner expressly states in his current habeas corpus petition that he "seeks to have the Michigan Department of Corrections' (MDOC) parole violation warrant Quashed and the Bureau of Prisons' (BOP) detainer lifted." (Id., p. 1, ¶ 3.)

For the reasons discussed below, the Court finds that Petitioner's habeas corpus claims should not be addressed in this district, but rather, the case should be transferred to the district in which the Michigan DOC is located, namely the Western District of Michigan.[1]

---

[1] Petitioner's submissions indicate that the Michigan DOC maintains offices in Lansing, Michigan, which is located in the Western District of Michigan. (The Court notes that the Michigan Parole Board apparently is located in Lansing as well. See Lapine v. Atterberry, No. 06-12634 (E.D.Mich. 2006), 2006 WL 2786948 at *1 (action against members of the Michigan Parole Board in their "official capacities" was properly transferred to the Western District of Michigan, because "the Michigan Parole Board [is] located in Lansing, Michigan, which is in the Western District").)

2

## II.     DISCUSSION

Because Petitioner is currently incarcerated here in Minnesota, he can properly seek habeas corpus relief in this district, even though he is challenging a Michigan warrant and detainer.  Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981) ("a court has jurisdiction to entertain a petition for habeas corpus relief whenever it can serve process on the custodian").  See also Koetting v. Thompson, 995 F.2d 37, 39 (5th Cir. 1993) (federal prisoner confined in Texas and challenging a Missouri detainer could properly seek habeas relief in a Texas district court, because the Texas court and the district courts in Missouri had "concurrent jurisdiction over the habeas petition").

Generally speaking, a habeas corpus petition should be filed in the district court where the petitioner is confined, because in most cases a writ of habeas corpus is directed to the petitioner's immediate custodian, who is normally the warden at the prison where he is confined.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973).  See also Rules Governing Section 2254 Cases In The United States District Courts, Rule 2, "Advisory Committee Notes" ("[t]he proper person to be served [with a petition for writ of habeas corpus] in the usual case is either the warden of the institution in which the petitioner is incarcerated... or the chief officer in charge of state penal institutions").

However, the district in which a habeas petitioner is currently confined is not always the only district in which habeas relief can be sought.  If a prisoner is challenging some contemplated future confinement, which may occur in some district other than the one in which he is currently confined, then he may be able to seek habeas relief in the district in which such future confinement is being asserted.  In Braden, for example, an Alabama prisoner was allowed to seek habeas relief in a Kentucky district court, because he was challenging a Kentucky detainer that had been filed against him.  410 U.S. at 498-99.  See

3

also Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004) ("a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody'"). Because Petitioner in this case is challenging a warrant and detainer issued by Michigan authorities, his current petition could have been filed in a Michigan district court, as well as in the Minnesota District Court. Koetting, 995 F.2d at 39 (where habeas petitioner challenges a detainer issued by a state other than the one in which he is incarcerated, "concurrent jurisdiction" exists in the state that issued the detainer and the state where the petitioner is incarcerated).

When habeas jurisdiction could properly be exercised in either of two states, as is the case here, it is necessary to consider which state is the most appropriate venue for the action. Weeks, 638 F.2d at 693 ("[o]nce the custodian is properly served,... it is still proper to consider the most convenient forum for the litigation"). If a prisoner is challenging a claim of future custody, which is being asserted by a state other than the state in which he is currently confined, then it normally is preferable for the case to be heard and decided in the state asserting the claim of future custody. Braden, 410 U.S. at 499, n. 15.

Applying traditional venue considerations here, the Court finds that this action should be litigated in Michigan, rather than Minnesota. Although Petitioner happens to be physically present in Minnesota right now,[2] his claims will most likely require the application and interpretation of Michigan law, which can best be done by a Michigan court. A Michigan court will also be in the best position to determine whether Petitioner has properly

---

[2] The BOP presumably could transfer Petitioner to a different facility in a different state at any time, which would eliminate Minnesota's single tenuous connection to this matter.

4

exhausted whatever state court remedies might be available to him under Michigan law. Furthermore, the judicial and administrative records that are pertinent to Petitioner's claims presumably are located in Michigan, and the parties who will have to respond to Petitioner's claims – presumably the Michigan DOC and/or Michigan parole authorities[3] – are located in Michigan.  Based on all of these considerations, the Court finds that the best venue for this case is not Minnesota, but Michigan.  See Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973) (habeas petition filed by a Montana prisoner housed in a South Dakota prison was properly transferred from the District of South Dakota to the District of Montana, because Montana, being the place of conviction, was the preferable venue).

Because the agency that issued Petitioner's detainer, (allegedly the Michigan DOC), is located in the Western District of Michigan, (see n. 1, supra), the Court will recommend that this action be transferred to that District, pursuant to 28 U.S.C. § 1404(a).  See Braden, 410 U.S. at 499, n. 15 ("[w]here a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can, of course, transfer the suit to a more convenient forum").  See also Smart v. Goord, 21 F.Supp.2d 309, 315 (S.D.N.Y. 1998) (habeas petition filed by New Hampshire prisoner held in New York prison was transferred to New Hampshire because that state was a more appropriate venue).

---

[3] It appears that the Michigan DOC, or perhaps the Michigan Parole Board or some other party, should be substituted as the named Respondent in place of the current Respondent, Carol Holinka, (the Warden at FCI-Waseca).  However, the Court believes it would be best to allow the transferee court to address that issue, as it deems appropriate, after the transfer of this case has been completed.

5

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to transfer this action to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).


Dated:	August 20, 2007

*s/Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by September 7, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.